UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHANIE PASH                                                                                              PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:12CV-272-S

RONALD W. ROGERS, et al.                                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of defendant Ronald W. Rogers to prohibit the plaintiff, Stephanie Pash, from introducing testimony of Dr. Norman Lewis regarding (1) medical causation, and (2) percutaneous discectomy procedures. This matter is not yet set for trial, however the parties seek early resolution of this matter. The court has reviewed the briefs, the deposition of Dr. Lewis, and the additional exhibits submitted by the parties in reaching this decision.

This matter arose from a motor vehicle accident which occurred on August 4, 2011 in Louisville, Kentucky. The plaintiff, Stephanie Pash, was taken to the emergency room for evaluation and treatment after the accident. She subsequently saw a number of physicians for treatment for knee, back, and neck pain. She underwent various treatments and a number of surgeries for injuries purportedly suffered in the accident.

Dr. Norman Lewis evaluated and treated Pash, and performed a percutaneous discectomy for treatment of bulging discs in her neck. Rogers seeks to preclude Dr. Lewis' deposition testimony concerning the relation of Pash's injuries to the accident and the surgical procedure he performed on her.

I.

The motion will be denied as to the purported statements of Dr. Lewis as to "medical causation." Rogers urges that Dr. Lewis is not an accident reconstructionist, and that his opinion as to causation is inadmissible. Rogers contends that due to a lack of scientific methodology, Dr. Lewis' opinion cannot meet the standard for admissibility of expert testimony established in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

*Daubert* does not apply here. A reading of Dr. Lewis' testimony evidences that Pash was referred to Dr. Lewis for evaluation of multiple injuries sustained in a motor vehicle accident some five weeks prior to her first visit (Lewis Depo., p. 14) . Pash reported her medical history, the occurrence of the accident, and her symptoms to Dr. Lewis. He examined her and considered various diagnostic tests results. He testified that he related his diagnosis of her injuries to the motor vehicle accident, noting that his information was based on her self-report that she had no history of other medical problems. (Lewis Depo., p. 22). He testified that Pash's diagnosed injuries were consistent with the types of injuries that can occur in a motor vehicle accident generally (Lewis Depo., p. 23), and in a motor vehicle accident occurring under a set of assumed facts. (Lewis Depo., pp. 32-36).

Dr. Lewis is an orthopedic surgeon who regularly treats these types of injuries. His CV evidences his medical credentials and many years of experience in orthopedic medicine. Clearly it is within his professional experience to offer testimony that these types of injuries are seen in individuals who have been in motor vehicle accidents. Such testimony does not fall outside the "normal range of duties" of a treating physician, as described in *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869-71 (6th Cir. 2007). Further, he clearly noted that his relation of Pash's injuries

to the motor vehicle accident was borne only of the information provided to him. Rogers cross-examined Dr. Lewis extensively concerning the limitations of his testimony in this regard.

II.

The motion will be denied with respect to the *Daubert* challenge to Dr. Lewis' testimony concerning percutaneous discectomy procedures. Again, Dr. Lewis' testimony on this matter does not implicate *Daubert*. As a treating physician, he may relate the diagnosis and treatment plan for his patient, and the bases therefore, not as an expert witness in the case, but as a trial witness. Rogers suggests that the percutaneous discectomy procedure performed on Pash has not gained acceptance in the medical community, has not been proven to be effective, and was not medically necessary in the treatment of Pash. These criticisms of Dr. Lewis' treatment decisions do not render his testimony subject to a *Daubert* analysis. No evaluation of scientific methods and procedures is implicated here.

For the reasons stated herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Ronald W. Rogers, to restrict the testimony of Dr. Norman Lewis (DN 35-1) is **DENIED.**

**IT IS SO ORDERED.**

July 8, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**